# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# CHARLESTON DIVISION

| | |
|---|---|
| **TERRY ROGER WARREN,**           )<br>            Movant,           )<br>           )<br>v.           )<br>           )<br>**UNITED STATES OF AMERICA,**           )<br>            Respondent.           ) | Civil Action No.   2:14-13605<br>Criminal Action No. 2:09-00009 |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody.[1] (Document No. 56.) By Standing Order, this matter was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 57.) By Order entered on January 6, 2016, the above case was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for deposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 59.)

## FACTUAL BACKGROUND

**1.     Criminal No. 2:09-00009:**

On April 13, 2012, Movant pled guilty to one count of Possession with Intent to Distribute a Quantity of Cocaine in violation of 21 U.S.C. § 841(a)(1) (Count Five). (Criminal Action No. 2:09-00009, Document Nos. 24, 26, 27.) A Presentence Investigation Report was

---

[1] Because Movant is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

prepared. (Id., Document No. 36.) The District Court determined that Movant had a Base Offense Level of 14, and a Total Offense Level of 29, the Court having found that Movant met the criteria for a career offender enhancement pursuant to U.S.S.G. § 4B1.1(a) and having applied a three-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) and (b). (Id., p. 6.) The District Court sentenced Movant on September 10, 2009, to serve a 102-month term of incarceration to be followed by a three-year term of supervised release. (Id., Document Nos. 32 and 33.) The District Court also imposed a $100 special assessment. (Id.) Movant did not appeal his sentence or conviction to the Fourth Circuit Court of Appeals.

**2.     First Section 2255 Motion:**

On September 15, 2010, Movant filed his first Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Civil Action 2:10-1115, Document No. 39.) As grounds for relief, Movant asserted as follows: (1) Ineffective assistance of counsel; (2) "Overstatement of criminal history;" and (3) "Change in crack guidelines." (Id.) The United States filed its Response in Opposition on November 1, 2010. (Id., Document No. 49.) By Proposed Findings and Recommendations entered on January 14, 2011, United States Magistrate Judge Mary E. Stanley recommended that Movant's Section 2255 Motion be denied. (Id., Document No. 52.) By Memorandum Opinion and Judgment Order entered on February 3, 2011, United States District Judge John T. Copenhaver, Jr., adopted Judge Stanley's recommendation and denied Movant's Section 2255 Motion. (Id., Document Nos. 53 and 54.)

**3.     Second Section 2255 Motion:**

On March 31, 2014, Movant, acting *pro se*, filed his instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Civil No. 2:14-13605, Document No. 56.) As grounds for *habeas* relief, Movant argues that he is entitled

to relief "in light of the Supreme Court's rulings" in Alleyne and Descamps. (Id.) Citing Descamps, Movant argues that "one of his convictions does not rise to the level of a felony drug conviction." (Id.) Citing Alleyne, Movant asserts that the Court improperly enhanced his sentence based upon an obstruction of justice charge. (Id.) Movant states that "the Court never gave me a chance to challenge the obstruction of justice charge, and to this day I cannot tell why I was enhanced with the obstruction charge."[2] (Id.) Therefore, Movant requests that the Court resentence him for time served. (Id.)

## DISCUSSION

The relevant portion of Section 2255 provides as follows:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In order to be cognizable under Section 2255, claims based on other than constitutional or jurisdictional grounds must present exceptional circumstances that justify permitting a collateral attack. Stated another way, the alleged error must amount to "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). Section 2255 is not a substitute for direct appeal. United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Accordingly, errors warranting a reversal on direct appeal will not necessarily support a collateral attack. Knight v. United States, 37 F.3d 769, 772 (1st Cir.1994). See United States v. Addonizio, 442 U.S. 178,

---

[2] Based upon a review of the record, the undersigned finds that Movant's sentence was not enhanced based upon obstruction of justice. (Criminal Action No. 2:09-00009, Document No. 36.)

3

184, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). Failure to raise an issue presented in sentencing on direct appeal which is non-constitutional in nature amounts to a waiver of the right to contest the issue in Section 2255 proceedings. See United States v. Emanuel, 869 F.2d 795 (4th Cir. 1989).

With respect to issues which are constitutional in nature, absent a showing of good cause for and prejudice from failing to appeal as may be shown by a defendant in criminal proceedings, Section 2255 is no substitute, and the failure precludes Section 2255 review. Theodorou v. United States, 887 F.2d 1336, 1339-40 (7th Cir. 1989)("[A]bsent a showing of cause and prejudice, a defendant is barred from raising any constitutional challenge in a section 2255 proceeding which could have been raised on direct appeal."); United States v. Essig, 10 F.3d 968, 979 (3d Cir. 1993); See also United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994), cert. denied, 517 U.S. 1161, 116 S.Ct. 1555, 134 L.Ed.2d 657 (1996). The standard is conjunctive. As a general matter, therefore, movants must show good cause for and prejudice from their failure to raise any constitutional issues advanced under Section 2255 on direct appeal. See Theodorou, supra, 887 F.2d at 1340. Constitutional claims of ineffective assistance of counsel are the exception. They are more properly raised in Section 2255 proceedings and not on direct appeal. United States v. Richardson, 195 F.3d 192 (4th Cir. 1999), cert. denied, 528 U.S. 1096, 120 S. Ct. 837, 145 L.Ed.2d 704 (2000).

1.  **Successive:**

The undersigned finds Movant's Section 2255 Motion to be a successive proceeding under Section 2255. Under the Antiterrorism and Effective Death Penalty Act [AEDPA] Amendments to 28 U.S.C. § 2255 "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." To obtain certification from the

Court of Appeals, the Movant must demonstrate that the Motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review
>
> by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Movant does not contend that his Motion falls under either the category of newly discovered evidence or new rule of constitutional law. Nevertheless, this Court need not reach the issue of whether Movant's Motion actually contains newly discovered evidence or presents a new rule of constitutional law. "[B]efore a prisoner can pursue a qualifying 'second or successive' 2255 Petition, he must obtain authorization from the court of appeals." In re Goddard, 170 F.3d 435, 436 (4th Cir. 1999); See 28 U.S.C. § 2244(b)(3)(A). Movant has failed to allege or demonstrate that he has obtained the necessary authorization from the Fourth Circuit Court of Appeals for his successive motion. A second or successive proceeding under Section 2255 may not be initiated without the certification/authorization of the appropriate Court of Appeals. Movant's Motion should be dismissed because Movant has proceeded under Section 2255 in the sentencing Court once before and has not obtained certification/authorization to file a second or successive Motion from the Fourth Circuit Court of Appeals. Notwithstanding the foregoing, the undersigned will briefly address Movant's claims.

**2.    Alleyne and Descamps are Inapplicable:**

Citing Alleyne and Descamps, Movant argues that his sentence was improperly enhanced. (Civil No. 2:14-13605, Document No. 56.) In Alleyne, the Supreme Court held that any fact increasing the mandatory minimum penalty for an offense must be alleged in the

indictment and proven beyond a reasonable doubt to a jury. Alleyne v. United States, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013).[3] The undersigned, therefore, will consider whether Alleyne is retroactive for purposes of collateral review. Alleyne establishes a new rule of criminal procedure, rather than a substantive change in the law. Harris v. United States, 2013 WL 4882227, * 2 (S.D.W.Va. Sept. 12, 2013). Generally, new rules of criminal procedure do not apply retroactively to cases on collateral review. Teague v. Lane, 489 U.S. 288, 303, 109 S.Ct. 1060, 1071, 103 L.Ed.2d 334 (1989). The Fourth Circuit has determined that Alleyne is not retroactive for purposes of collateral review. United States v. Stewart, 2013 WL 5397401 (4th Cir. Sep. 27, 2013)("*Alleyne* has not been made retroactively applicable to cases on collateral review."); also see United States v. Redd, 735 F.3d 88, 92 (2nd Cir. 2013); Simpson v. United States, 721 F.3d 875 (7th Cir. 2013); Manning v. United States, 2013 WL 5890722 (W.D.Va. Oct. 31, 2013); Muhammad v. Purdue, 2013 WL 4508870 (N.D.W.Va. Aug. 23, 2013); United States v. Reyes, 2013 WL 4042508 (E.D.Pa. Aug. 8, 2013); United States v. Eziolisa, 2013 WL 3812087 (S.D.Ohio July 22, 2013). Accordingly, the undersigned finds that Movant is not entitled to *habeas* relief based upon Alleyne.

In Descamps v. United States, ___U.S. ___, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013), the United States Supreme Court held that to determine whether a past conviction is a "violent felony" within the meaning of the ACCA, courts should use the categorical approach if the state statute is "indivisible." Case law, however, indicates that Descamps is not retroactive to cases on collateral review. See United States v. Sanders, 2013 WL 5707808 (N.D.Ohio Oct. 18, 2013); Roscoe v. United States, 2013 WL 5636686 (N.D.Ala. Oct. 16, 2013); Reed v. United States,

---

[3] *Alleyne* is an extension of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The undersigned notes that *Apprendi* is not retroactive on collateral review.

2013 WL 5567703 (M.D.Fla. Oct. 9, 2013); Landry v. United States, 2013 WL 5555122 (W.D.Tex. Oct. 4, 2013). Additionally, Movant was not sentenced under the ACCA nor was his sentence enhanced under the Guidelines based upon a past conviction for a "violent felony." Therefore, the undersigned finds that Movant is not entitled to *habeas* relief based upon Descamps.

**3.     Johnson and Welch are Inapplicable:**

In Johnson, the United States Supreme Court held that the "residual clause" of the Armed Career Criminal Act ["ACCA"] was unconstitutionally vague. Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2551, 2555-63, 192 L.Ed.2d 569 (2015). The ACCA provides for enhanced penalties for those with three qualifying prior felony convictions for either serious drug offenses or violent felonies. The "residual clause" provided that a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another" was considered a violent felony. 18 U.S.C. § 924(e)(2)(B)(ii). On April 18, 2016, the United States Supreme Court determined that Johnson announced a new substantive rule that applies retroactively to cases on collateral review. Welch v. United States, ___ U.S. ___, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016).

Although Movant has not asserted a claim based upon Johnson or Welch, the undersigned will briefly address the issue. In the underlying criminal proceedings, Movant was sentenced as a career offender under U.S.S.G. § 4B1.1 and not as an armed career criminal under the ACCA. Section 4B1.1(a) provides that "[a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a

controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." This Court has held that "enhancing a convicted individual's sentence under the residual clause of the career offender enhancement, § 4B1.2(a)(2), denies due process of law because the residual clause is unconstitutionally vague." United States v. Litzy, 2015 WL 5895199 (S.D.W.Va. Oct. 8, 2015)(J. Chambers), citing Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015).[4] In the instant case, however, Movant's guideline range was not enhanced pursuant to the residual clause of U.S.S.G. § 4B1.2(a)(2). The record reveals that Movant's sentence was enhanced because (1) Movant was at least 18 years of age at the time of his underlying offense; (2) the count of conviction was a felony controlled substance offense; and (3) Movant had at least two prior felony controlled substance offenses. (Criminal Action No. 2:09-00009, Document No. 36.) Movant's sentence, therefore, was not enhanced based upon the residual clause of Section 4B1.2(a)(2). Accordingly, Movant is not entitled to relief based upon Johnson or Welch.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Document No. 56.), and **REMOVE** this matter from the Court's docket.

---

[4] On June 27, 2016, the United States Supreme Court granted a petition for a writ of certiorari to the Eleventh Circuit in *Beckles v. United States* regarding the issue of (1) whether the hold in *Johnson* applies to the residual clause of U.S.S.G. § 4B1.2(a)(2), and (2) if so, whether *Johnson* applies retroactively on collateral review to offenders determined to be career offenders under U.S.S.G. § 4B1.2(a)(2). *Beckles v.*

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge John T. Copenhaver, Jr. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, Movant shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Copenhaver, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant, who is acting *pro se*, and counsel of record.

Date: August 31, 2016.

_____
Omar J. Aboulhosn
United States Magistrate Judge

---

*United States*, ___ S.Ct. ___, 2016 WL 1029080 (June 27, 2016).